IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHANIE FORD                                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 3:12-cv-811-HTW-LRA

PHH MORTGAGE CORPORATION, ET AL.                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

District Judge Henry T. Wingate referred Plaintiff's Motion to Remand [9] to the undersigned United States Magistrate Judge for Report and Recommendation.  Having considered the pleadings and applicable authorities, the undersigned recommends that the motion be denied.

### I. Factual Background

On November 1, 2012, Plaintiff, Stephanie Ford ("Ford" or "Plaintiff"), filed suit in the Chancery Court of the Second Judicial District of Hinds County, Mississippi, against PHH Mortgage Corporation ("PHH"), Shapiro & Massey, LLC (the "Firm"), and Fannie Mae.  PHH and Fannie Mae removed the action to this Court on December 3, 2012, invoking this Court's subject matter jurisdiction based upon diversity of citizenship.

Plaintiff is a resident of Mississippi; PHH is a New Jersey corporation with its principal place of business in New Jersey; and, Fannie Mae is a federally chartered corporation with its principal place of business in the District of Columbia.  The Firm

is a Mississippi limited liability company, and at least one of its members is a citizen of Mississippi.[1]

Plaintiff and her husband, Gerry Ford ["Gerry"], purchased a lot and built a home at 107 Midway Terrace, Terry, Mississippi, on January 7, 2002.  They financed the purchase and granted a deed of trust in favor of New Century Mortgage Corporation.  They refinanced the deed of trust through PHH Mortgage Services on May 9, 2003, and this deed of trust was assigned to PHH Mortgage Corporation, Defendant herein, on October 12, 2009.

Plaintiff and her husband Gerry were in default on this loan secured under the deed of trust.  Their home was sold on November 19, 2009, at a foreclosure sale conducted by J. Gary Massey, individually; a Substituted Trustee's Deed was executed to PHH Mortgage Corporation.  PHH assigned its rights under this deed to Federal National Mortgage Association ["Fannie Mae"] on the same date.

According to the Complaint, prior to this foreclosure sale, Plaintiff and Gerry entered into an agreement with PHH to bring their account current.  The Complaint states that this fact was "unbeknownst to defendants Shapiro and Massey LLC and J. Gary

---

[1]  The Notice of Removal alleged that the Firm was a non-citizen of Mississippi, but PHH and Fannie Mae now concede that this is inaccurate [13, p. 4, ft. 3.] At least one of its members is a resident of Mississippi.

Massey." [3-1, p.3].  Therefore, the November 19, 2009, foreclosure sale was conducted in error.

After discovering the error, Plaintiff alleges that PHH and the Firm drafted a "Quitclaim Deed with Agreement," voiding the foreclosure sale and re-conveying the title to Plaintiff. Plaintiff alleged that she was coerced into executing this deed, and that her husband Gerry did not execute it.[2]

PHH subsequently foreclosed by advertisement on Plaintiff's property on May 31, 2011, under the original deed of trust to PHH. Plaintiff seeks a declaratory judgment from the Court that (1) the initial deed of trust to PHH was never revived; (2) that the Quitclaim Deed with Agreement was void due to Gerry Ford not having signed it; (3) that PHH was divested of any interest in the property; (4) all Defendants are barred from foreclosure sales or evictions; and, (5) Plaintiff is entitled to costs.

In her Motion to Remand, Plaintiff contends that the Firm was a real party in interest and not fraudulently joined. Specifically, Plaintiff alleges:

> Shapiro and Massey are defendants in this matter due to actual factual involvement in the crafting of the so called quitclaim with agreement.  This document was created in an attempt to 'fix' a foreclosure made by

---

[2]Plaintiff and her husband Gerry were granted a divorce from one another by Judgment of Divorce entered September 13, 2011. [16-14]  The Property Settlement recited that they had formerly owned the subject property, but that it was sold at a foreclosure sale on May 31, 2011, "resulting in both Husband and Wife relinquishing any interest in said real property." [16-14, p. 5].

> mistake by the in-state defendant Shapiro and Massey LLC.
> These activities of drafting documents to fix a
> foreclosure and place the parties back into
> preforeclosure legal standing with each other are
> activities that can only be performed by an attorney and
> are not the function of a trustee.  A trustee may or may
> not be an attorney.  The entity Shapiro and Massey LLC
> have been sued due to mistakes made in the practice of
> their craft and profession as attorneys.  Plaintiffs have
> made mention of their position as trustee only as a
> factual necessity.

[9, p. 2]

Defendants PHH and Fannie Mae filed an opposition to the
Motion to Remand, together with a supporting brief, arguing that
Plaintiff cannot establish a cause of action against the Firm
because it is a nominal party whose citizenship is not relevant for
diversity, or, alternatively, that the Firm was fraudulently joined
to defeat diversity.  Additionally, J. Gary Massey (individually),
as opposed to the Firm, served as the Substituted Trustee and
conducted the foreclosure sale on the subject property.  He also
executed the Quitclaim Deed with Agreement [16-11].

Plaintiff did not reply to the allegations set forth in the
Response, nor was any evidence submitted by Plaintiff rebutting the
assertions set forth by Defendants.

## II.  Discussion

The party urging jurisdiction upon the District Court bears
the burden of demonstrating that the case is one which is properly
before that court.  *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d
812, 815 (5th Cir. 1993).

4

Defendants contend that the Firm is only a nominal party, and is not a real party in interest, and it should be disregarded for the purpose of determining diversity jurisdiction. "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003). Whether a party is 'nominal' for removal purposes depends on whether a final judgment could be entered without that party which would be fair and equitable to the plaintiff. *Acosta v. Master Maintenance & Construction, Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). In the circumstances of this case, Plaintiff could be granted all the relief she requested without any adverse consequences to the Firm.

Ordinarily, in the context of a deed of trust, the trustee merely holds title to real property for the benefit of the real parties in interest; it is a nominal party and not considered for purposes of diversity. *See Jeanes-Kemp, LLC v. Johnson Controls, Inc.,* 2010 WL 502698, at *2 (S.D. Miss. Feb. 5, 2010); *Sones v. Simmons,* 2006 WL 2805325, at * 2 (S.D. Miss. Sept. 25, 2006).

In this case, Plaintiff has not sought relief against the Firm; she only seeks equitable and declaratory relief involving the interests of PHH and Fannie Mae in the property. No relief is sought as to the Firm, and Plaintiff concedes that neither the Firm, or Massey, individually, was aware that she and PHH had entered into an agreement regarding the account prior to the

foreclosure.   Further, she does not deny that J. Gary Massey, individually, was the substitute trustee on the November 19, 2009, and the May 31, 2011, foreclosures.   The Firm was a complete stranger to both the deed of trust and the foreclosures at issue, and legally had no "real [or] substantial" interest in this controversy under *Corfield, id.*

Defendants submitted a Notice of Supplemental Authority on April 16, 2013 [15], attaching the Opinion and Order Denying Remand entered by Judge Starrett in the case of *Clark v. Deutsche Bank National Trust Company, et al.,* Civil Action No. 2:12cv231-KS-MTP, Docket No. 28 (S.D. Miss Apr. 5, 2013).   Judge Starrett concluded that Shapiro and Massey, who allegedly prepared an assignment of deed of trust, substitution of trustee and substituted trustee deed, and conducted a foreclosure,  was not a real party in interest in the case.  He ruled that it should be disregarded for the purpose of diversity jurisdiction, citing *Montgomery v. First Family Fin. Servs., Inc.,* 239 F.Supp. 2d 600, 604 (S.D. Miss. 2002).

The undersigned finds the *Clark* case to be indistinguishable as to the material facts in the instant case.   The Complaint in this case is also void of any specific factual allegations against the Firm that are anything more than conclusory statements.   In the Motion to Remand, Plaintiff contends that the Firm was actually involved in the drafting of the quitclaim with agreement in order

6

to "fix" a foreclosure it made by mistake [9, p. 2].   Yet, she admits that the Firm had no knowledge of the agreement between PHH and Plaintiff regarding bringing the account current.   She also sets forth no facts which would establish any wrongdoing or liability on the part of the Firm; she acknowledges that the quitclaim was executed by J. Gary Massey, individually, and that the Firm was unaware that the foreclosure was improper.   And, she has sought no relief from the Firm in her Complaint in the *ad damnum* clause.

In the undersigned's opinion, Plaintiff's allegations against the Firm do not create a cause of action against it.   The Complaint sets forth mere conclusory allegations, and these are insufficient to deprive diverse defendants of a federal forum.   *James v. Chase Manhattan Bank*, 173 F.Supp.2d 544, 552 (N.D. Miss. 2001).

### III.  Conclusion

For these reasons, and under the specific authority of *Clark v. Deutsche Bank National Trust Company,* the undersigned recommends that Plaintiff's Motion to Remand [9] be **DENIED.**  Because Plaintiff has not filed an Answer to Defendants' counterclaim, the Motion for Entry of Default [14] should be **GRANTED**, unless the Court grants Plaintiff additional time to respond or otherwise plead after remand is denied.   Plaintiff should also be instructed to file a response to Defendant PHH's Motion for Summary Judgment [16].   The parties should be instructed to contact the undersigned Magistrate

7

Judge's chambers within (15) days after an Order is entered for scheduling a case management conference.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to these recommendations within 14 days after service.  The parties are hereby notified that his failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 12th day of August, 2011.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE